Filed 6/30/26  Napier v. Dell CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| MARTI A. NAPIER , <br><br> Plaintiff and Appellant, <br><br> v. <br><br> DELL, INC., <br><br> Defendant and Respondent. | G065252 <br><br> (Super. Ct. No. 30-2021-01233834) <br><br> O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Andre De La Cruz, Judge. Affirmed.

Rhino Law Firm and Steven Lewis Rader for Plaintiff and Appellant.

Wilson Turner Kosmo, Robin A. Wofford and Meghan A. Crumm; Reeves & Brightwell, Sinead O'Carroll and Manasi Rodgers for Defendant and Respondent.

\* \* \*

This is an appeal from a judgment following the trial court's decision granting summary judgment in favor of defendant Dell, Inc. (Dell) and against plaintiff Marti A. Napier in a breach of contract case. The court determined the contract was between Dell and Napier's corporation, Napier CPA PC (Napier PC or the corporation), and accordingly, Napier had no standing to pursue the case.

While Napier contends there were triable issues of fact as to whether the contract was between Dell and Napier as an individual or Napier PC, we disagree. The evidence established the contract was between Dell and Napier PC, and there is no triable issue of fact on this point. Accordingly, we affirm the judgment.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

A. *Background Facts*

Napier is the owner and sole shareholder of Napier PC, a California accounting corporation. The corporation provided tax and accounting services to small businesses and individual clients. Napier incorporated Napier PC approximately 20 years ago for liability and income tax purposes. The corporation was suspended on May 17, 2021, and reinstated on March 15, 2022.

In October 2018, Napier PC purchased a Dell Latitude laptop and several peripherals, as well as support services. The corporation paid approximately $2,845 for the laptop, and $1,013 for the additional equipment.

Dell's records reflect the purchases were made through Dell's Small and Medium Business channel. Dell's terms of sale were provided to Napier, who was listed as the contact on the account. The invoice listed "Marti Napier CPA" as the customer, with "Marti Napier" listed as contact.

2

Dell's internal records also listed "Marti Napier CPA" under "Account Name" and "Company Name," with Napier as the contact.

At a deposition in this case, Napier testified that when she purchased the computer and peripherals, she did so as "owner and president of Marti A. Napier CPA PC." She also testified the support services were purchased by the corporation. Napier described the laptop as "my office computer" and stated that "[i]t only has office information on it." She paid for the laptop with a business credit card, and she treated it as a business expense for tax purposes.

The computer purchase was governed by Dell's Commercial Terms and the support services were governed by a document entitled Service Description Dell ProSupport Plus Service Agreement (the service agreement).[1] Part of the service agreement required the customer to complete "a backup of all existing data, software and program on all affected products prior to and during delivery of this Service. Customer should make regular backup copies of the data stored on all affected products as a precaution against possible failures, alterations, or loss of data . . . DELL WILL HAVE NO LIABILITY FOR . . . [¶] LOST OR CORRUPTED DATA, PROGRAMS OR SOFTWARE." Similarly, the Commercial Terms stated: "Customer is solely responsible for its data. Customer must back up its data before Supplier performs any remedial, upgrade, or other work on Customer's production systems." Both agreements also limited liability and damages.

---

[1] Napier produced these documents in response to a discovery request by a different defendant in this case, Alorica, Inc. Napier was asked to produce all documents memorializing her purchase of warranty services from Dell.

Prior to May 10, 2021, Napier had no issues with Dell's services. On that date, she contacted Dell for technical support. She claimed the technician who spoke to her (who was an employee of codefendant Alorica) eventually instructed her to delete all hard drive partitions and reinstall the operating system. Napier asserted following this advice caused her to lose more than 25 years of business records and other data. Napier did not have a backup at the time.

## B. Relevant Procedural History

On November 30, 2021, the corporation and Napier sued Dell, Alorica, and several other defendants for breach of contract and various tort and statutory claims.[2] At her deposition, she stated the out-of-pocket losses were suffered by the corporation. She testified she had no losses in her individual capacity.

In early March 2022, the trial court sustained Dell's demurrer with leave to amend on the ground that the corporation was a suspended entity.

Dell had also moved to dismiss on the ground that the terms of sale included a mandatory forum selection clause. The court denied the motion as to Napier without prejudice, finding that the corporation, not Napier, was a party to the contract with Dell. Because the corporation was suspended and lacked capacity to sue, the forum selection clause was not valid as to the corporation, and the court found that sending Napier's nonparty claims out of state would be unreasonable under the circumstances. The court noted that Dell could refile the motion to dismiss if the corporation amended its pleading.

---

[2] The claims against the other defendants are not at issue in this appeal.

4

On March 11, 2022, Napier dismissed the corporation from the case. On June 1, 2023, Napier filed a first amended complaint, dropping the suspended corporation as a plaintiff. This is the operative complaint for our purposes. The first amended complaint stated causes of action against Dell for breach of contract, negligence, fraudulent inducement, and false advertising and negligent misrepresentation.

In August 2024, Dell brought a motion for summary judgment on the grounds that Napier lacked standing to sue over the rights of the corporation, and that she had no individual damages against Dell. Dell also argued Napier could not establish essential elements of each cause of action, including the lack of a contract between Napier and Dell. Following briefing, the court granted the motion for summary judgment on the grounds that Napier lacked standing. Napier now appeals.

DISCUSSION

I.

STATUTORY FRAMEWORK AND STANDARD OF REVIEW

"A party is entitled to summary judgment only if there is no triable issue of material fact and the party is entitled to judgment as a matter of law. [Citation.] A defendant moving for summary judgment must show that one or more elements of the plaintiff's cause of action cannot be established or that there is a complete defense. [Citation.] If the defendant meets this burden, the burden shifts to the plaintiff to present evidence creating a triable issue of material fact. [Citation.] A triable issue of fact exists if the evidence would allow a reasonable trier of fact to find the fact in favor of the party opposing summary judgment." (*Grebing v. 24 Hour Fitness USA, Inc.* (2015) 234 Cal.App.4th 631, 636–637.)

"We review the trial court's decision de novo, considering all evidence the parties offered in connection with the motion . . . and the uncontradicted inferences the evidence reasonably supports." (*Herberg v. California Institute of the Arts* (2002) 101 Cal.App.4th 142, 148.)

## II.

### DELL'S BURDEN

As noted above, Dell must demonstrate that one or more elements of Napier's causes of action cannot be established as a matter of law as to each cause of action, or that a complete defense exists. (*Grebing v. 24 Hour Fitness USA, Inc., supra,* 234 Cal.App.4th at pp. 636–637.)

### A. Standing

Dell's key contention is that because it contracted with the corporation, and not with Napier individually, she lacked individual standing to bring this case.

A corporation is a distinct legal entity separate from its officers and stockholders. Officers and shareholders have no direct right of recovery from a person or entity who allegedly harmed the corporation. (*Norman v. Strateman* (2025) 112 Cal.App.5th 92, 100.) Shareholders, even sole shareholders, lack standing to sue. (*Vinci v. Waste Management, Inc.* (1995) 36 Cal.App.4th 1811, 1815.)

Napier's deposition testimony established that she is the sole shareholder of the corporation, which was formed approximately 20 years earlier "for liability and income tax purposes." Napier understood that a corporation is a separate entity.

The next question is whether Dell provided sufficient evidence to establish that the corporation, not Napier individually, purchased the contested products and services from Dell. Napier testified at her deposition

6

that she "purchased and paid" for the laptop computer and peripherals "through the corporation." She further testified it was her "office computer" that held only "office information." She paid for the purchases with a credit card belonging to the corporation. In response to a discovery request from another defendant in this case, Napier was asked to produce all documents memorializing her purchase of warranty services. In response, she produced Dell's Commercial Terms of Sale.

Dell's records also reflect Napier's purchases were made through Dell's Small and Medium Business channel, with Napier listed as the contact on the account. The invoice listed "Marti Napier CPA" as the customer, with "Marti Napier" listed as contact. Dell's internal records also listed "Marti Napier CPA" under "Account Name" and "Company Name," with Napier as the contact.

We find this evidence sufficient to meet Dell's initial burden of establishing the corporation, rather than Napier individually, was the customer who entered into the contract with Dell. Accordingly, Napier lacks individual standing to bring this action.

B. *Individual Damages*

Dell's next argument is that Napier cannot sustain this case as an individual, because there is no triable issue of fact that she, personally, suffered damages. Napier testified on this point explicitly and unequivocally:

"Q: [D]o you individually have any losses attributable to the . . . data loss of May 10th, 2021?

"A: Please explain individually.

"Q: In your individual capacity.

"A: No."

She also testified that the corporation bore the alleged losses from the data loss, including $25,000 in out-of-pocket costs, her lost time working on restoring data, and lost clientele. Her attorney also provided a document entitled "Summary of Damages—Marti A Napier CPA" that listed over $1 million in damages to the corporation, not Napier individually.

The lack of damages is fatal to all of Napier's claims against Dell. "An element of a breach of contract cause of action is damages proximately caused by the defendant's breach." (*Copenbarger v. Morris Cerullo World Evangelism, Inc.* (2018) 29 Cal.App.5th 1, 9.) "The elements of a cause of action for negligence are: duty; breach of duty; legal cause; and damages." (*Friedman v. Merck & Co.* (2003) 107 Cal.App.4th 454, 463.) To state a claim for negligent misrepresentation, ""as a result of his reliance upon the truth of the representation, the plaintiff must have sustained damage."" (*Id.* at p. 476.) "Fraud in the inducement is a subset of the tort of fraud." (*Hinesley v. Oakshade Town Center* (2005) 135 Cal.App.4th 289, 294.) "'The elements of fraud . . . are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity . . . ; (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage.'" (*Lazar v. Superior Court* (1996) 12 Cal.4th 631, 638.)

Because damages are an element of each claim brought by Napier, Dell adequately met its initial burden to demonstrate that summary judgment is appropriate.

III.

NAPIER'S BURDEN

A. *Napier's Declaration Opposing Summary Judgment*

We can find a triable issue of material fact "if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in

8

favor of the party opposing the motion in accordance with the applicable standard of proof." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.) When the statements in a self-serving declaration opposing summary judgment contradict admissions made during discovery, no triable issue of material fact exists. (*D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 21.) "[T]he classic *D'Amico* situation" occurs where "a party takes a position under oath in discovery; the opponent moves for summary judgment; and in opposition the party files a declaration that conflicts with its earlier testimony." (*Turley v. Familian Corp.* (2017) 18 Cal.App.5th 969, 981.) "In that situation, courts have held that the court may disregard the declaration." (*Ibid.*) This is precisely the situation here.

During her deposition, Napier admitted numerous facts. These include that she purchased the computer and peripherals as "owner and president of Marti A. Napier CPA PC." She also testified the support services were purchased by the corporation. Napier described the laptop as "my office computer" and stated that "[i]t only has office information on it." She paid for the laptop with a business credit card, and she "treated it as a business expense for tax purposes."

Her declaration attempts to impeach her own testimony, claiming that she purchased the Dell goods and services, "in my name, for the benefit of my corporation." Her self-serving declaration is insufficient to create a triable issue of material fact. (*Talley v. County of Fresno* (2020) 51 Cal.App.5th 1060, 1090.) The authority she cites to avoid this result is inapposite. To the extent she claims Dell failed to meet its initial burden, we have rejected that argument.

The facts Napier offers in an attempt to create a triable issue of fact are unavailing. She contends that Dell "failed to produce one single

9

document demonstrating that Dell was even aware that Napier had formed a professional corporation before this suit was filed. There was no evidence before the trial court, independent of Napier's responses at deposition, which she explained, to support any of the material facts upon which Dell based its contention that Napier 'lacked standing', or did not sustain 'damages', as a matter of law." This argument is unhelpful to Napier. If Napier's own testimony is enough to defeat her claims, then what Dell knew before the lawsuit was filed is simply immaterial.

Napier also attempts to escape the result of her own admissions by claiming in her declaration that Dell's counsel "kept pressuring me to admit to some legal conclusion related to the interrelationship between me, and my professional corporation, and my purchase of goods and services from Dell. My legal counsel objected several times. . . . In any event, the facts related to my purchase, however, and the sum total of the documentation related thereto are as stated above." This is unavailing as a legal argument. She does not offer any credible testimony to explain the contradictions between her declaration testimony and her prior sworn testimony. Nor does "pressuring" from counsel explain the simple and straightforward answers she gave to the relevant questions, which were not objected to by her attorney.

Three of Napier's arguments begin "Regardless of Napier's deposition responses . . . ." But Napier's responses constitute material evidence, and conclusively defeat her contentions that Dell's contract was with her personally.

B. *Code of Civil Procedure section 369, subdivision (a)(3)*

Napier contends that this provision of the Code of Civil Procedure grants her individual standing because the purchase was made in her name

"for the benefit of" the corporation.[3] This section provides, in relevant part: "(a) The following persons may sue without joining as parties the persons for whose benefit the action is prosecuted [¶] . . . [¶] (3) Except for a person upon whom a power of sale has been conferred pursuant to a deed of trust or mortgage, a person with whom, or in whose name, a contract is made for the benefit of another." (Code Civ. Proc., § 369, subd. (a)(3).)

In advancing her argument that this code section applies, Napier misstates the evidence. We have already rejected her claim that the inclusion of Napier's name in Dell's records as a contact establishes that she was a party to the sale. The evidence reviewed above, relying considerably on Napier's own admissions, are not sufficient to create a triable issue of fact that Dell's contract was with her.

## C. Alleged Assignment

In opposition to Dell's motion for summary judgment, Napier's declaration included a paragraph stating that after the corporation was reinstated, she assigned its causes of action to herself. No exhibits or other documents evidencing such an assignment were included.

Once again, Napier is attempting to use a self-serving declaration to defeat summary judgment. As stated above, uncorroborated facts offered for the first time in a declaration opposing summary judgment are not sufficient to defeat summary judgment. (*King v. United Parcel Service, Inc.* (2007) 152 Cal.App.4th 426, 433.) The trial court was within its discretion to disregard this statement entirely. (*Benavidez v. San Jose Police Dept.* (1999) 71 Cal.App.4th 853, 860.)

---

[3] She also claims a lack of evidence that Dell's contract was with the corporation. We have reviewed the evidence above and found it sufficient to meet Dell's burden on summary judgment.

Further, the purported assignment was not pleaded in Napier's first amended complaint. Napier treats this as "a mere point of pleading," but that is not so. "It is well settled that the pleadings set the boundaries of the issues to be resolved at summary judgment." (*Vulk v. State Farm General Ins. Co.* (2021) 69 Cal.App.5th 243, 255.) A defendant is not responsible for raising any issues not addressed in the pleadings in a motion for summary judgment, and the plaintiff cannot raise new, unpleaded issues in its opposition papers. (*Ibid.*) If Napier wished to amend her complaint, she should have brought the relevant motion to do so. She did not, and the court was entitled to disregard the self-serving claim of an assignment in her declaration.

D. *Individual Damages*

Napier offers several arguments as to why she should be able to pursue a negligence claim. But she has failed to create a triable issue of material fact as to individual damages, which is a required element of a negligence claim.

Once again, her own testimony defeats her arguments. Napier testified that she had no damages in her individual capacity. She also testified that the damages she sought belonged to the corporation.

Because we find that Napier has not created a triable issue of fact with regard to individual damages, we need not address her other arguments regarding her negligence claim. (*Friedman v. Merck & Co., supra,* 107 Cal.App.4th at p. 463.) Without individual damages, her claim must fail.

## DISPOSITION

The judgment is affirmed. Dell is entitled to its costs on appeal.


MOORE, J.

WE CONCUR:


MOTOIKE, P. J.


SANCHEZ, J.